UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KEITH W. BRUNELLE                                                                                          PLAINTIFF

V.                                                               CIVIL ACTION NO. 4:11-cv-00032-DPJ-FKB

COMMISSIONER OF SSA
MICHAEL J. ASTRUE                                                                                        DEFENDANT

## REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to the Motion for Judgment on the Pleadings (Docket No. 8) filed by Plaintiff, as well as the Motion for an Order Affirming the Decision of the Commissioner (Docket No. 10) filed by Defendant. Having considered the record in this matter, the undersigned recommends as follows.

## I.  FACTS AND PROCEDURAL HISTORY

On July 22, 2008, Brunelle filed an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. Brunelle alleged disability as of October 3, 2007. His claims were denied initially and upon reconsideration. Docket No. 5-2, p.11. A video hearing was held on June 23, 2010, at which claimant, represented by counsel, testified before an administrative law judge ("ALJ"), as did a vocational expert. Id.

Employing the five step process required for analysis of social security claims, 20 C.F.R. § 404.1520(a)(4), the ALJ concluded that the claimant has severe impairments-back disorder; status post ankle surgery; status post shoulder surgery arthroscopy; and affective mood disorder. The ALJ determined that these impairments significantly limit Brunelle's ability to work and

preclude him from performing past relevant work. However, the ALJ found that Brunelle's impairments do not meet a "listed impairment," 20 C.F.R. Part 404, Subpart P, Appendix 1, and that Brunelle retains the capacity to perform unskilled, sedentary jobs.[1] Docket No. 5-2, p. 14.

## II. STANDARD OF REVIEW

When considering an appeal of a decision made by the Commissioner of Social Security, this Court's review is limited to a determination as to whether (1) there is substantial evidence of record to support the decision and (2) proper legal standards were applied to evaluate the evidence. See Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000) (citing Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999)). "If the Commissioner's findings are supported by substantial evidence, they must be affirmed." Newton, 209 F.3d at 452 (citing Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995)). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted); see also Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

## III. DISCUSSION

Brunelle has framed the only issue on appeal as the Commissioner erred in finding that Brunelle's testimony regarding the intensity and effect of his pain was not credible. Docket No. 9, p. 1. The ALJ concluded that to the extent Brunelle's claims regarding pain were inconsistent with the residual functional capacity assessment ("RFC"), they were not credible. Docket No. 5-2, p. 15. Brunelle testified at the hearing that he can only stand for five to ten minutes without

---

[1]Based on the opinions of Dr. McGilbra, treating psychiatrist, and Jan P. Boggs, Ph.D., consulting psychologist, the ALJ determined that Brunelle's ability to perform sedentary work was limited by mild depression to unskilled work. Docket No. 5-1, pp. 18-19.

having to sit or lie down due to back pain.  Docket No. 5-2, p. 37.  The vocational expert, upon questioning by Brunelle's attorney, testified that if Brunelle had to lie down and apply ice or heat to his back multiple times a day, Brunelle would be excluded from the sedentary, unskilled jobs she testified he could perform.  Id. at 39-40.

In support of his claim that the decision to discredit his testimony regarding pain was not supported by substantial evidence, Brunelle points to the medical records regarding his back.  Brunelle contends that Dr. Azhar Pasha, a pain management specialist, has treated him for disc bulge, lumbar degenerative disc disease, bilateral lumbosacral radiculitis, thoracic spondylosis, thoracic radiculitis, and cervical spondylosis, and therefore, his physical condition supports his complaints of pain.  Docket No. 9, p. 4.

If it is "constant, unremitting, and wholly unresponsive to therapeutic treatment," pain may be disabling.  Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001); Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994).  Before pain may be considered disabling, however, there must be objective medical evidence to substantiate subjective complaints of pain.  See Chambliss, 269 F.3d at 522. It is not this Court's prerogative to re-weigh the evidence or substitute its judgment for that of the ALJ.  Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999).  "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." Chambliss , 269 F.3d at 522.  If, though, the ALJ rejects a claimant's testimony concerning pain, the ALJ must articulate the reasons for discrediting those claims of pain. See Falco, 27 F.3d at 163-64.

In the case at bar, the ALJ did articulate reasons for rejecting, in part, Brunelle's subjective complaints of pain.  The ALJ noted that Brunelle and his girlfriend gave different

3

accounts of Brunelle's daily activities in statements provided in support of his claims. In support of his finding that Brunelle's statements regarding the "intensity, persistence and limiting effects," Docket No. 5-2, p. 15, of his pain were not entirely credible, the ALJ summarized the medical records, which do not indicate continuing disabling pain. The records indicate, *inter alia*, that less than a month after his back surgery, Brunelle was admitted to the emergency room for a laceration to his knee incurred while chasing a deer on a four-wheeler. Id. at 16. Though this incident took place approximately four months before the alleged disability onset date, medical records indicate that Brunelle reported to Dr. Pasha that his medications controlled his pain after the alleged onset date. Id. The same is true of the injections Brunelle received for his back–he reported that they controlled his pain. Id. at 18. See Johnson v. Sullivan, 894 F. 2d 683, 686 (5th Cir. 1990)(pain alleviated by medication is not disabling). The ALJ also referenced the opinion of State Agency Medical Consultant Thomas Jeffcoat, M.D., who opined that Brunelle could perform sedentary work. Id. The record contains substantial evidence to support the ALJ's conclusion that Bruenelle's subjective complaints of pain are not credible to the extent they conflict with the residual functional capacity assessment.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings be denied and that Defendant's Motion for an Order Affirming the Decision of the Commissioner be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 27th day of January, 2012.

        s/ F. Keith Ball_____
        UNITED STATES MAGISTRATE JUDGE